IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James Jones and Nicole Steels, on behalf of themselves and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) Case No. 09-cv-06437 ) ) Hon. Charles R. Norgle, Sr. |
| v. | ) ) Magistrate Judge Geraldine Soat Brown ) |
| National Council of Young Men's Christian Associations of the United States of America ("YMCA of the USA"), an Illinois not-for-profit corporation, and Elinor Hite, former Senior Vice President of YMCA of the USA, | ) ) ) |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
PARTIAL MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants National Council of Young Men's Christian Associations of the United States of America ("Y-USA") and Elinor Hite file this Memorandum of Law in Support of Defendants' Partial Motion to Dismiss Plaintiffs' First Amended Complaint.

**INTRODUCTION**

Plaintiffs' disparate impact claims against all Defendants under Civil Rights Act of 1866, Section 1981 ("Section 1981"), as well as their claims against individual Defendant Hite under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII")[1] and the Illinois Human Rights Act, 775 ILCS §5/1 *et seq.* ("IHRA") must be dismissed as a matter of law. Plaintiffs' First Amended Complaint contains the following nine counts:

---

[1] Although the titles of Counts IV-IX state that Plaintiffs' Title VII and IHRA claims are only brought against Defendant Y-USA, Plaintiffs' allegations specifically use the term "Defendants," and thus, it must be assumed Plaintiffs seek relief for all such claims against all Defendants. (Dkt. No. 8; First Am. Cmplt. ¶¶ 259-261, 264, 266-268, 271-274, 278, 281-282, 285, 287-288, 291-293).

- Count I - race discrimination (denial of equal terms, conditions, benefits, or privileges of employment) in violation of Section 1981;

- Count II - race discrimination (termination of employment) in violation of Section 1981;

- Count III - retaliation in violation of Section 1981;

- Count IV - race discrimination (denial of equal terms, conditions, benefits or privileges of employment) in violation of Title VII;

- Count V - race discrimination (termination or forced resignation) in violation of Title VII;

- Count VI - retaliation in violation of Title VII;

- Count VII - race discrimination (denial of equal terms, conditions, benefits or privileges of employment) in violation of the IHRA;

- Count VIII - race discrimination (termination or forced resignation) in violation of the IHRA; and

- Count IX - retaliation in violation of the IHRA.

Counts I, II, and III must be dismissed against all Defendants to the extent they allege disparate impact claims because such claims are not actionable under Section 1981; Counts IV, V, and VI must also be dismissed against Defendant Hite because individual supervisors are not subject to personal liability under Title VII; and Counts VII, VIII, and IX must also be dismissed against Defendant Hite because the IHRA does not provide for individual liability under the facts Plaintiffs allege.

Accordingly, Defendants respectfully request the Court dismiss Counts I through III against all Defendants with prejudice to the extent they allege disparate impact claims, and Counts IV through IX against Defendant Hite with prejudice.

## ARGUMENT

I. **Legal Standard**

Dismissal under Fed. R. Civ. P. 12(b)(6) is warranted "if the plaintiff can prove no set of

facts in support of his claims that would entitle him to relief." *Ledonne v. AXA Equitable Life Ins. Co.*, 411 F. Supp. 2d 957, 960 (N.D. Ill. 2006). In so doing, the court assumes the truth of all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Clemens v. Ill. Farmers Ins.*, 151 F.3d 1032 (7th Cir. 1998).

## II. Counts I, II, And III Must Be Dismissed Against All Defendants To The Extent They Allege Disparate Impact

Unlike Title VII, Section 1981 does not recognize a claim for disparate impact. Rather, under Section 1981, liability must be founded on purposeful discrimination. A showing of disparate impact through a neutral practice alone is insufficient to prove a Section 1981 violation. *See Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982) ("[Section] 1981, like the Equal Protection Clause, can be violated only by purposeful discrimination"); *Franklin v. City of Evanston*, 384 F.3d 838, 848 (7th Cir. 2004) (Section 1981 claims "require a showing of discriminatory treatment and cannot be supported by proof of disparate impact").

Plaintiffs allege that unintentional disparities in the Y-USA's performance evaluation system, compensation system, and/or job classification system demonstrate that managers and supervisors discriminated against African Americans based on their race. (Dkt. No. 8; First Am. Cmplt. ¶¶ 4, 97). Plaintiffs then incorporate these allegations into their Section 1981 claims. (*Id.*¶¶ 233, 240, and 247). To the extent such disparate impact claims relate to Counts I, II, and III, such claims must be dismissed with prejudice against all Defendants because they do not constitute purposeful discrimination in accordance with Section 1981. *Franklin*, 384 F.3d at 848.

3

### III. Counts IV, V, And VI Must Be Dismissed Against Defendant Hite

There is no individual liability under Title VII. To the contrary, Title VII imposes liability only against "employers" and does not provide for employee causes of action against individual supervisors or managers. *See* 42 U.S.C. § 2000e-2(a) ("It shall be an unlawful employment practice for *an employer* to [discriminate on the basis of, *inter alia*, race].") (emphasis added). Further, Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks." 42 U.S.C. §2000e(b).

The Seventh Circuit has consistently and unequivocally made clear that individual supervisors or managers are not subject to personal liability under Title VII. *See, e.g., Silk v. City of Chicago*, 194 F.3d 788, 797 n.5 (7th Cir. 1999) (summary judgment for individual defendant because he cannot be held individually liable under Title VII); *Sattur v. Motorola, Inc.*, 138 F.3d 1164, 1168 (7th Cir. 1998) (action under Title VII may be stated only against "employer"); *Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 494 (7th Cir. 1998) (individual defendants are not subject to personal liability under Title VII); *EEOC v. AIC Security Investigations, Inc., Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995) ("individuals who do not otherwise meet the statutory definition of 'employer' cannot be held liable").

Here, Plaintiffs allege Defendant Hite was the former Senior Vice President, Human Resources and Organizational Development for the Y-USA, and that they directly reported to Defendant Hite throughout Hite's employment with the Y-USA. (Dkt. No. 8; First Am. Cmplt. ¶¶ 28, 48). As Plaintiffs concede, Defendant Hite was their supervisor, and thus, was not their "employer" under Title VII and therefore cannot be liable under Title VII. *Silk*, 194 F.3d at 797 n.5. Accordingly, Counts IV, V and VI should be dismissed with prejudice against Defendant Hite.

**IV.     Counts VII, VIII, And IX Must Be Dismissed Against Defendant Hite**

There is also no individual cause of action against Defendant Hite under the IHRA for the claims asserted against her in the First Amended Complaint. Except under very limited circumstances that do not apply here (*i.e.*, sexual harassment), there is no individual liability under the IHRA. *See* 775 ILCS 5/2-102(D) (explaining that it is a civil rights violation for "any employer, employee, agent of any employer…to engage in sexual harassment."). Generally, claims for discrimination under the IHRA are only properly maintained against an employer. *Id.* at 102(A); *see also In re Evans*, Charge No. 1994CF0270, 1997 WL 377118 (Ill. Hum. Rts. Com. May 5, 1997) (dismissing claim against supervisor individually because charge was pursuant to Section 2-102(A), "which prohibits its *employers* from doing certain things") (emphasis in original); *In re Taylor*, 1990SN0252, 1992 WL 721996 (Ill. Hum Rts. Com. April 6, 1992) (same).

Plaintiffs assert claims against Defendant Hite under the IHRA in Counts VII, VIII, and IX of the First Amended Complaint. Since Plaintiffs allege race discrimination and retaliation, which are not among the limited circumstances under which individual liability is available, these claims must be dismissed against Defendant Hite. *See In re Evans*, 1997 WL 377118, at *2 (explaining that complainant's claims are not within the situations for which individual liability is available because complainant's discrimination claims were based upon his termination for membership in a protected class).

## CONCLUSION

For the reasons set forth above, Defendants National Council of Young Men's Christian Associations of the United States of America and Elinor Hite respectfully request the entry of an order granting Defendants' Partial Motion to Dismiss, with prejudice, with respect to Counts I, II and III against all Defendants to the extent they allege disparate impact claims, and Counts IV,

V, VI, VII, VIII, and IX against Defendant Hite.

**DATED: March 2, 2010**  Respectfully submitted,

                                                     NATIONAL COUNCIL OF YOUNG MEN'S CHRISTIAN ASSOCIATIONS OF THE UNITED STATES OF AMERICA and ELINOR HITE

                                                     By: s/ Richard P. McArdle
                                                         One of Their Attorneys

Richard P. McArdle
Gerald L. Pauling II
William F. Dugan
Tracy M. Billows
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000 (telephone)
(312) 460-7000 (facsimile)

6

## CERTIFICATE OF SERVICE

I, Richard P. McArdle, an attorney, do hereby certify that on March 2, 2010, I caused a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT to be filed with the Clerk of the Court via the Court's electronic filing system, which will serve a copy on the following via e-mail:

>J. Bryan Wood
>THE LAW OFFICE OF J. BRYAN WOOD
>542 S. Dearborn, Ste. 610
>Chicago, Illinois 60605
>bryan@jbryanwoodlaw.com
>
>Johanna J. Raimond
>Jessica J. Fayerman
>Law Offices of Johanna J. Raimond Ltd.
>321 S. Plymouth Court, Suite 1515
>Chicago, Illinois 60604
>jraimond@raimondlaw.com
>jfayerman@raimondlaw.com

                                                  s/ Richard P. McArdle

Richard P. McArdle
Gerald L. Pauling II
William F. Dugan
Tracy M. Billows
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000 (telephone)
(312) 460-7000 (facsimile)

CH1 11844343.4