IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES JONES, NICOLE STEELS, and KAVON WARD, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | No. 09 C 6437 |
| | ) | Judge Charles R. Norgle |
| Plaintiffs, | ) ) | |
| v. | ) ) | Magistrate Judge Arlander Keys |
| NATIONAL COUNCIL OF YOUNG MEN'S CHRISTIAN ASSOCIATIONS OF THE UNITED STATES OF AMERICA ("YMCA OF THE USA"), an Illinois not-for-profit corporation, and ELINOR HITE, former Senior Vice President of YMCA of the USA | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Plaintiffs' motion to
reconsider its ruling on Plaintiffs' motion to compel privileged
information [182]. The Court ruled on multiple discovery
disputes in its May 3, 2011 Memorandum and Opinion [181] (the
"Opinion" or the "Ruling"). Plaintiffs argue that
reconsideration is necessary regarding one of the rulings "due to
Defendants' false representations to this Court regarding the
production of performance evaluations and personnel files upon
which this Court relied in its ruling and certain new testimony."
Mot. at 1. For the reasons set forth below, the Court
reconsiders a portion of its May 3, 2011 Ruling. However, after

reconsideration, the May 3, 2011 Ruling stands.

## Standard of Review

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a prior ruling. To be successful, the moving party must either present newly discovered evidence or establish a manifest error of law or fact. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). A Rule 59(e) motion is not the appropriate vehicle by which to rectify procedural errors or present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Id.* Evidence is "newly discovered" for purposes of reconsideration, if the evidence was both previously unknown and if reasonable diligence could not have uncovered such evidence. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.* 90 F.3d 1264, 1269-70 (7th Cir. 1996).

## Discussion

Plaintiffs do not cite Rule 59 or any case law in their motion. Nor do Plaintiffs decipher whether their argument for reconsideration, due to Defendants' misstatement, is based on a manifest error of law or fact made by the Court or newly discovered evidence that was not previously obtainable. Instead, Plaintiffs generally claim that the misstatement made by Defendants in a submission to the Court, and/or new deposition testimony, merit reconsideration of the Court's Ruling regarding

2

production of the October 22, 2008 PowerPoint Presentation (the "Presentation").

## A.   Defendants' Misrepresentations

In the Opinion, the Court denied Plaintiffs' motion to compel the Presentation, finding that it was protected by the attorney-client privilege and that Plaintiffs did not demonstrate a "substantial need" for the Presentation sufficient to overcome the privilege.  Opinion at 2-5.  A party seeking documents that are protected by a privilege can overcome the privilege by demonstrating "substantial need," and that they cannot obtain "substantially equivalent" information by other means "without undue hardship."  Fed. R. Civ. Pro 26(b)(3)(ii).  In its ruling, the Court specifically stated:

> Plaintiffs contend that they need the Presentation to establish a "combination of knowledge and denial" by the Board of Directors.  However, Plaintiffs do not argue that they cannot acquire the same or similar information to that contained in the Presentation through their own efforts. Nor do Plaintiffs assert that obtaining this information would be unduly burdensome.  **Defendants have provided performance evaluations and salary information for employees for the time period of January 1, 2004 through December 31, 2010.**  Therefore, Plaintiffs' request that the Court compel Defendants to produce the Presentation, based on their substantial need, is denied.

Opinion at 4-5 (emphasis added).

In an earlier brief, filed in this case, Defendants asserted:

> Plaintiffs already have received ... the names and race of all Y-USA employees from January 1, 2004 to January 1,

3

2010, their salaries, **personnel files**, and compensation and **performance evaluations**.

[144] at p. 3(emphasis added). Now, Plaintiffs state, and Defendants admit, that this assertion was not accurate at the time the brief was submitted to the Court. Defendants explain that they inadvertently included the performance evaluations and personnel files in the list of documents previously produced to Plaintiffs. Defendants admit that they had not produced the personnel files of all Y-USA employees from January 1, 2004 to January 1, 2010, but only certain personnel files. They add that Plaintiffs had not previously requested the performance evaluations. Defendants further state that they correctly identified the documents which they had produced to Plaintiffs in other briefing [86, 145].

After Defendants filed the brief, which included the inaccurate statement, Plaintiffs informed Defendants of the misstatement and requested the performance evaluations. In response, Defendants produced the performance evaluations within 30 days. However, unfortunately and inexplicably, neither party informed the Court of the incorrect fact prior to the Court's Ruling. Therefore, since the Court considered the inaccurate fact provided to it, it will reconsider its decision with knowledge of the correct information.

First, since the Court did not rely on Defendants' statement that it produced the personnel files of all Y-USA employees from

January 1, 2004 to January 1,2010 in its Ruling, Defendants'
misstatement would not have changed the May 3, 2011 Ruling.

Second, Defendants have produced the performance evaluations
to Plaintiffs at this time. Therefore, the Court's consideration
that Plaintiffs had this information is unaffected.

Next, Plaintiffs argue that they can establish a substantial
need for the Presentation. In the motion to reconsider,
Plaintiffs set forth numerous arguments, not made in their
initial motion, regarding their "substantial need" for the
Presentation and their inability to obtain the information in the
Presentation through their own efforts. Specifically, Plaintiffs
allege that they have substantial need for the Presentation, or
the underlying studies, because their "after-the-fact analyses
[of performance reviews] can never prove Y-USA was *aware of or
knew about* evidence suggesting systemic discrimination." Mot. at
3 (emphasis in original). In addition, Plaintiffs state that,
even if they are permitted to depose every Board Member or
attendee that saw the presentation, which they claim would be
impracticable, they state that the individuals "could not be
relied on to remember the details of documents they reviewed
years earlier." Mot. at 4-5.

Defendants respond that these arguments are waived since
Plaintiffs failed to raise them in their initial motion. Resp.
at 2. Defendants also contend that Plaintiffs' arguments are

without merit, because Plaintiffs do not establish that they cannot obtain substantially equivalent information without undue burden. *Id.* The Seventh Circuit has confirmed that a motion to reconsider does not present a litigant with an opportunity to relitigate a motion it already had a chance to argue and lost. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 252 (7th Cir. 1987) (finding "motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence"). Therefore, the Court will not reconsider its Ruling in light of Plainitffs' newly asserted arguments.

Defendants recognize that they made an inaccurate statement in a brief submitted to the Court. However, despite the recognition prior to the Court's Ruling, Defendants did not alert the Court of the inaccuracy. This situation, which could have been easily resolved, has resulted in motion practice by the parties and unnecessary time and resources expended by the Court. The Court relies on the information presented to it by the parties and their attorneys. Under Rule 11, by signing a pleading, the attorney is ensuring to the Court that the information included is accurate. Defendants' failure to correct the incorrect statements prior to the Court's Ruling resulted, in part, in the filing and prosecution of the instant motion. Therefore, for making the misstatement and

not correcting it when discovered, Defendants are ordered to pay Plaintiffs' attorneys fees for filing the motion for reconsideration and attending the related hearing.

**B.   New Testimony**

Next, Plaintiffs claim that they have discovered new evidence warranting reconsideration of the Ruling.  Evidence is "newly discovered" for purposes of reconsideration, if the evidence was both previously unknown and if reasonable diligence could not have uncovered such evidence.  *Caisse Nationale de Credit Agricole*, 90 F.3d at 1269-70.  Plaintiffs claim that the testimony from Y-USA's CEO Neil Nicoll's deposition, taken on April 26, 2011, shows that Y-USA rejected the COO's December 4, 2008 proposal regarding performance evaluations and compensation systems in order to eliminate discriminatory effects.  Mot. at 4. Defendants argue that the "new testimony" from Y-USA's CEO is not new information and is unrelated to the issue raised by Plaintiffs' motion: whether Plaintiffs are entitled to the Board of Directors Presentation.

The Court accepts that Plaintiffs may have obtained evidence, during Mr. Nicoll's deposition, to support their allegation that the Y-USA did not change its compensation system after the COO made certain recommendations.  However, this evidence was previously considered by the Court when it made its Ruling.  In fact, Plaintiffs set forth assertions regarding the

Y-USA's rejection of change in their original motion. Plaintiffs' stated: "[T]he BOD presentation constitutes direct evidence that Y-USA knew that its performance management system had a disparate impact on African-American employees, and that African-Americans received lower performance ratings than non-African Americans in all departments. ... Yet, as the Plaintiffs allege, the company did nothing to seek to remedy the disparate impact." [134 at p. 4] Therefore, Plaintiffs' motion for reconsideration based on newly discovered evidence is denied.

Finally, the parties are reminded, again, not to use the tools of litigation as an opportunity to make exaggerated accusations against the other sides' counsel or to bring up unrelated or past disputes. Both sides have repeatedly wasted their own resources and that of the Court, and caused delay, by their unnecessary finger-pointing and by raising disagreements not presently before the Court. All motions, filed in this action, should have sound arguments and cite the applicable Rules of Civil Procedure and/or case law. The parties should take this as a warning that future game-playing and unreliable arguments will not be tolerated.

**CONCLUSION**

For the reasons set forth above, the Court reconsiders a portion of its May 3, 2011 Ruling.  However, after reconsideration, the May 3, 2011 Opinion and Order stands.

Dated: June 16, 2011

ENTERED:

ARLANDER KEYS
United States Magistrate Judge