Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6437 | **DATE** | 6/16/2011 |
| **CASE TITLE** | Jones et al vs. National Council of Young Men's Christian Associations of the United States of America et al | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion for additional depositions [191] is granted in part and denied in part. See below for further detail. *AK*

■ [ For further details see text below.]    Docketing to mail notices.

## STATEMENT

In its March 18, 2011 Order, the Court denied Defendants' motion for a protective order limiting depositions. However, the Court stated:

> Plaintiffs are limited in the number of depositions that they will be allowed to take. Plaintiffs are allowed to depose the 46 individuals listed in Defendants supplemental Rule 26(A)(1) disclosures. Each of these depositions is limited to three hours. Further, as logistics allow, three of these depositions should be taken a day. In addition to these individuals, Plaintiffs are allowed to take ten other depositions, including any Rule 30(b)(6) witnesses. If Plaintiffs wish to take any additional depositions, they must seek leave of Court. Plaintiffs are cautioned that they should prioritize their depositions and exercise discretion in determining the remainder of the allowed ten depositions. In considering any future motions for leave to take additional depositions, the Court will consider if Plaintiffs used their allowed depositions for the most important witnesses.

[143]

At the time they filed the pending motion, Plaintiffs had used eight of their ten allowed depositions (not including the depositions of those listed in Defendants' disclosures). Now, Plaintiffs seek leave to take additional depositions and extend one other deposition. Defendants oppose this request. Plaintiffs claim that they used eight of their ten depositions focusing on individuals who could testify to the class allegations. They argue that the additional depositions are "necessary to prepare [the] determination of class certification and trial on their pattern-or-practice, disparate impact and individual claims." Mot. at 4. In total, Plaintiffs request leave to depose at least twenty-six additional people.

# STATEMENT

Specifically, Plaintiffs set forth that they "need" to depose eight witnesses related to the individual cases of the named Plaintiffs; twelve putative class members who refused to meet with Y-USA attorneys or who met with Y-USA attorneys, but did not sign a declaration; a former CEO; the remaining members of the Leadership Team; three individuals Defendants added to Defendants' Rule 26 disclosures; and another Rule 30(b)(6) witness on data. Plaintiffs admit, in their motion, that they have witness statements of some of these individuals (Mot. at 6); can communicate with some of them outside of a deposition setting (Mot. at 7); have previously deposed at least six members of the Y-USA's Leadership Team (Mot. at 2); and have already communicated with some of the individuals that they wish to depose (*Id.*).

First, the Court addresses Plaintiff's request to depose additional declarants. Since the Court's March 18, 2011 Ruling, Defendants supplemented their Rule 26(a) disclosures to identify another three witnesses who provided declarations: Gayle Brock, John Green, and Yvonne Harris. Consistent with the Court's prior ruling on this issue, Plaintiffs are allowed to depose these three additional individuals listed in Defendants' supplemental Rule 26 disclosures. However, each of these depositions is limited to three hours.

Next, Plaintiffs' request to extend the deposition of declarant Carolyn Creager beyond the three hour limit. Plaintiffs argue that they should be allowed additional time to depose Ms. Creager, because she served as Y-USA's interim director of Human Resources during the period of time between Ms. Hite's separation and the employment of Jackie Gordon. Plaintiffs' request to extend Ms. Creager's deposition, allowed as a declarant, past three hours is denied. However, this ruling does not prevent Plaintiffs from using one of their allowed depositions to depose Ms. Creager for a longer period of time if they so choose.

Keeping in mind the intentions of Federal Rule of Civil Procedure 30, Plaintiff's request to depose an additional twenty-six witnesses is denied in part and granted in part. Plaintiffs are granted leave to take five additional depositions. Therefore, reading this ruling in conjunction with the March 18, 2011 Ruling, Plaintiffs are allowed to depose those listed in Defendants' Rule 26 disclosures, with the limitations set forth above, and a total of fifteen other individuals. The Court will not litigate the case for Plaintiffs. It is their decision how to prioritize these depositions.

On June 1, 2011, the Court extended the fact discovery deadline from May 31, 2011 to July 15, 2011. [197] The parties are advised that they should use their time wisely. Status hearing set for July 20, 2011 at 9:00 a.m.