

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6437 | **DATE** | 10/21/2011 |
| **CASE TITLE** | Jones et al vs. National Council of Young Men's Christian Associations of the United States of America et al | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion to compel electronically stored information [233] is granted in part and denied in part. See below for further detail.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

The parties have been conducting, and arguing about, the discovery of electronically stored information ("ESI") for months. Their, hopefully, final disputes include Plaintiffs' request that the Court compel Defendant Y-USA to produce: 1) Plaintiffs' version of nineteen additional categories of documents; 2) all ESI which contains any reference to each of the parties' first or last names; and 3) ESI from additional custodians. The Court considers each category of documents in turn.

**Nineteen Disputed Search Terms**

First, Plaintiffs move to compel production of nineteen search terms – specifically, numbers 1-4, 6, 20, 22, 23, 32, 83, 112, 118, 121, 124, 124.1, 128, 132, 164, and 174. Defendants do not deny that the nineteen disputed search terms should be searched, but instead propose restrictions and limitations to the searches to avoid the production of irrelevant, cumulative, and duplicative information. Plaintiffs argue that the limitations suggested by Defendants could cause relevant documents to not be included in the production.

In considering the totality of the circumstances, weighing the value of the material sought against the burden of providing it, the Court finds that Defendant Y-USA is to produce e-discovery for the nineteen disputed search terms without Defendants' proposed restrictions and limitations on those searches. These documents are to be produced within 14 days. Due to the risk of inadvertent production of privileged materials posed by the search terms, the parties are to supplement their protective order addressing claw-back and non-waiver issues for inadvertently produced privileged documents to include the documents produced in response to these nineteen additional categories.

**All Names of Parties**

Second, Plaintiffs request that the Court compel Defendant Y-USA to produce all ESI which contains any reference to each of Plaintiffs' or the individual Defendant's first or last names, without any restrictive terms added to the search to address the relevance of the information retrieved (terms 1-3, 83, and 112).

Defendants respond that this request is unreasonable, unduly burdensome, and has already been addressed by the Court. On February 23, 2011, in addressing Plaintiffs' motion to compel Plaintiffs' and Defendant Hite's electronically stored information [109], the Court denied the motion finding that:

> the requests by Plaintiffs, two of whom were senior human resources representatives for Defendants, that their e-mail boxes, calendars, task lists, electronic documents from their personal computers and other electronic file for which they are identified as custodians, be turned over to their attorneys, is overly broad and unreasonable. Counsel seeks to have these documents produced wholesale, with no consideration as to their relevancy on the premise that all of such documents are relevant to the theory of their cases. Counsel's position regarding these documents as they pertain to Defendant Hite is similar. Instead, the Court will require the parties to agree to search terms pursuant to which relevant information can be retrieved from the electronically stored files, notwithstanding Plaintiffs' contention that such an attempt will be futile. [123]

Plaintiffs' request for all ESI containing the parties' names would result in the same broad information sought in their earlier motion. The parties have agreed on numerous search terms at this point, and Defendants have run and already have produced the results of search terms containing the parties' names with appropriate qualifying terms. Therefore, for the same reasons set forth in the February 23, 2011 ruling, Plaintiffs' request for ESI referencing any party's first or last name is denied.

**Additional Custodians Requested**

Finally, Plaintiffs request that the Court order Defendant Y-USA to run the search terms on the following list of custodians: (a) all of the members of Y-USA's Leadership Group from 2004 to the present; (b) all employees in the HR department from 2004 to the present; as well as (c) Carolyn Creager (interim Vice President of Human Resources), Richard Bland (Kavon Ward's supervisor), and Deborah Rivers (CEO Neil Nicoll's executive assistant and putative class member). Defendants respond that Plaintiffs' "wholesale demand for an additional fifty-four (54) custodians" is unreasonably cumulative, overbroad, and of minimal utility.

The Court finds that Plaintiffs' untargeted, all-encompassing request fails to focus on key individuals and the likelihood of receiving relevant information. Defendants have already produced ESI from eleven custodians using the term list. Defendants have agreed to include three more custodians: Richard Bland (Plaintiff Ward's supervisor), Ken Gladish (former CEO and Leadership Team Member), and Carolyn Creager (but limited only to the period she served as Interim VP of Human Resources from October 2008 through December 2008). In addition, Plaintiffs are to chose six more custodians from their list of fifty-four on which Defendants will run the search terms. This number is somewhat arbitrary, but the Court needs to step in as Plaintiffs are asking for too much here and the entire burden should not be on Defendants. Plaintiffs are to supply their list of six additional custodians to Defendants within 5 days and Defendants are to produce the responsive documents within 14 days of receiving the six additional names.

Due to the restrictions set forth above, Defendants' request for cost-shifting is denied.