IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES JONES, NICOLE STEELS, and KAVON WARD, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 09 C 6437 |
| Plaintiffs, | | Judge John J. Tharp, Jr. |
| v. | | Magistrate Judge Arlander Keys |
| NATIONAL COUNCIL OF YOUNG MEN'S CHRISTIAN ASSOCIATIONS OF THE UNITED STATES OF AMERICA ("YMCA OF THE USA"), an Illinois not-for-profit corporation, and ELINOR HITE, former Senior Vice President of YMCA of the USA | | |
| Defendants. | | |

## **MEMORANDUM OPINION AND ORDER**

On June 19, 2012, Plaintiffs filed their Motion for Class Certification [358]. Defendants were to file their response to the Motion for Class Certification on September 25, 2012. Instead, on September 4, 2012, Defendants filed a Motion to Strike Plaintiffs' New Class Definition and For An Order Requiring The Parties To Brief Class Certification Based On The Class Definition in Plaintiffs' Fourth Amended Complaint and Extending The Deadline By Which Defendants Must Respond To Plaintiffs' Motion [385]. That motion is now fully briefed. For the reasons stated below, Defendants' motion is denied.

On October 13, 2009, Plaintiffs filed their original Complaint, which asserted putative class action race discrimination claims and defined the putative class as follows:

> [A]ll current and former African-American employees of the YMCA employed at any point since September 2005 who had his or her performance was [sic] assessed as part of the YMCA's annual performance assessment process (regardless of whether a written performance evaluation was completed) or who was granted or denied a merit-based compensation adjustment at any point since September 2005.

[1, ¶ 126.] On December 14, 2010, December 30, 2010, and July 18, 2011, Plaintiffs filed their Second, Third, and Fourth Amended Complaints, respectively. Plaintiffs' class definition did not change. [83, ¶ 290; 91, ¶ 289; 220, ¶ 323.]

In their Motion for Class Certification, Plaintiffs include the following definition of the class:

> African American employees of the Y employed at any point from October 13, 2005 to September 30, 2008, excluding Leadership Group members and in-house counsel.

[359, p. 1.] Defendants objected to this definition initially, arguing that Plaintiffs were bound to their original definition, and that Defendants were prejudiced by the new definition since all discovery, including expert discovery, has been completed. [385]

In their response brief, Plaintiffs argue that the new proposed class definition does not cause any prejudice against Defendants, because their class definition in the Motion to Certify is similar to the original, and if anything, is more

specific and limited as Plaintiffs applied the information accumulated during discovery to focus their proposed class definition. [389] In addition, in their response, Plaintiffs provided authority and supportive caselaw to argue that courts routinely permit modification of the proposed class definition. Resp., p. 6; *Streeter v. Sheriff of Cook Co.*, 256 F.R.D. 609, 611 (N.D. Ill. 2009); *Flanagan v. Allstate Ins. Co.*, 228 F.R.D. 617, 618-19 (N.D. Ill. 2005); *Buycks-Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 322, 328-29 (N.D. Ill. 1995).

In their Reply brief [390], Defendants abandon their argument regarding Plaintiffs' inability to amend their proposed class definition, but instead argue that the definition is inadequate because it does not identify the class claims. In addition, for the first time, Defendants proposed that the Court adopt a "hybrid" definition of the proposed class that Defendants drafted. The proposed "hybrid" definition is:

> African American employees of the Y employed at any point from October 13, 2005 to September 30, 2008, excluding Leadership Group members and in-house counsel, who had their performance assessed as part of the Y's annual performance assessment process (regardless of whether a written performance evaluation was completed) or were granted or denied a merit-based compensation adjustment.

Reply at 2. The Court directed Plaintiffs to respond to these new arguments by filing a Sur-Reply. [391]

In their Sur-Reply, Plaintiffs oppose Defendants' "hybrid" definition and again request that Defendants' Motion to Strike

Plaintiffs' New Class Definition be denied. Plaintiffs argue that Defendants' attempt to "control or limit the claims of the putative class" should be rejected. Sur-Reply at 2. Plaintiffs add that "the so-called 'hybrid' definition does not accurately describe Plaintiffs' class claims." *Id.* In support, Plaintiffs expound that Federal Rule of Civil Procedure 23 does not require them to include their claims in the definition of the proposed class, citing *Ross v. RBS Citizens, N.A.*, 667 F.3d 900, 904-08 (7th Cir. 2012). The Court agrees. In *Ross*, the Seventh Circuit clarified the elements required in the proposed class definition by distinguishing between the requirements needed to define the class from the list of claims, issues, or defenses to be included in the order certifying the class. *Id.* at 905-07.

Therefore, Defendants' arguments to strike the definition of the proposed class, at this point in the litigation, are rejected. In addition, the Court will not adopt the proposed hybrid definition. However, this ruling in no way precludes Defendants from challenging the proposed class definition in their response to the Motion for Class Certification.

## Conclusion

Defendants' Motion to Strike Plaintiffs' New Class Definition and For An Order Requiring The Parties To Brief Class Certification Based On The Class Definition in Plaintiffs' Fourth Amended Complaint [385] is denied. The parties are to continue

their briefing of Plaintiffs' Motion for Class Certification [358]. Defendants' Response to the Motion for Class Certification is due by November 23, 2012. Plaintiffs' Reply is due by December 14, 2012.

Dated: October 30, 2012

ENTERED:

_____
ARLANDER KEYS
United States Magistrate Judge

5